UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHELLE POPE o/b/o
R.P.,

        Plaintiff,

v.                               Case No.: 8:06-CV-1262-T-MAP

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.

_____/

**ORDER**

Pursuant to 42 U.S.C. § 1383(c)(3), the Plaintiff, on behalf of R.P., her minor son, seeks judicial review of the Commissioner's decision denying her claim for period of disability and Childhood Supplemental Security Income benefits.[1]  Plaintiff argues the Administrative Law Judge ("ALJ") erred by failing to fully and adequately consider and evaluate the record evidence. After consideration, I agree and remand the case for further administrative proceedings.

*A. Background*

R.P., born on August 15, 1991, and fourteen years old at the administrative hearing, suffers from attention deficit hyperactivity disorder with side effects from medication, migraines, poor eating habits, and eye problems.  The Plaintiff protectively filed an application on R.P.'s behalf on November 22, 2002, alleging he became disabled as of May 21, 1999.  On July 8, 2005, the ALJ issued a decision denying disability.  The Plaintiff filed a request for review of the ALJ's

---

[1]  The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge, pursuant to 28 U.S.C. § 636 (c). *See* doc. 11.

decision, and upon review the Appeals Council vacated the ALJ's decision and remanded it for further consideration.  Specifically, the Appeals Council opined that the ALJ's decision did not adequately evaluate R.P.'s and his parent's subjective complaints, or indicate their impact on his areas of functioning and did not address the treating doctors' opinions or the weight accorded to them (R. 77).  The Appeals Council provided detailed instructions to the ALJ, specifically instructing him to obtain additional evidence concerning R.P.'s impairments including an up-to-date school records from April 2005 to present and treatment records "especially with respect to the recommended cardiac workup" (R. 78).  On remand, the ALJ again concluded R.P. did not satisfy the disability standard for Child's SSI and was not disabled.[2]  Plaintiff has timely pursued and exhausted her administrative remedies and the case is now ripe for judicial review.

   B.  *Standard of Review*

   In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971).  The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists.  *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994).  The court may not re-weigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal.  *Keeton,* 21 F.3d

---

[1]  The ALJ accurately reports R.P.'s medical history and I adopt that portion of his decision for purposes of this order.  (R. 14-19).

at 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

There are three sequential steps used in evaluating disability of an individual who has not attained age eighteen.  20 C.F.R. § 416.924.  First, the ALJ must determine if the child is undertaking substantial gainful activity.  If the child is engaged in substantial gainful activity, she will not be found disabled.  If the child is not performing substantial gainful activity, then at step two the ALJ considers the child's physical and mental impairments to determine if there is a severe impairment. A severe impairment is one that causes more than minimal functional limitations.  If the ALJ finds a severe impairment, step three requires a review of the evidence to determine whether the child has an impairment that (1) meets or medically equals in severity the criteria for an impairment listed in the Listing of Impairments in Appendix 1 of Subpart P, 20 C.F.R. Part 404, or (2) functionally equals in severity any impairment listed under the Listing.  A child's functional limitations are evaluated in six broad functional areas, called domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being.  *See* 20 C.F.R. § 416.926a(b)(1).  If a child has marked limitations in two domains or an extreme limitation in one domain, the child's impairment(s) is functionally equivalent to a listed impairment. *See* 20 C.F.R. § 416.926a(d).  If the child has any such impairment(s) described above, and it meets the duration requirements, the child will be found disabled.

*C. Discussion*

On remand, the Appeals Council instructed the ALJ to obtain additional evidence including up-to-date school and medical treatment records, especially those related to the recommended cardiac work up (R. 77-78).  At the supplemental hearing, the Plaintiff testified that during the past

year her son passed out five times while playing sports for no known reason, and that she was in the middle of trying to determine whether her son's ADHD medications and his long-term use of the medication was the cause (R. 400-402). She had discontinued her son's ADHD medications, and he had not passed out since stopping them. Her son had seen the cardiologist, but was unable to complete the work up since stitches on his leg from a bike accident prevented him from doing the stress test. Plaintiff also testified that she was planning on taking her son back to the neurologist for further testing after he completed his cardiac work up. She stated that off medications his behavior at school has worsened, affecting his grades and resulting in a ten-day suspension due to fighting. Her son had recently brought a knife to school and stolen a phone from school. She also reported that she "was having problems with him in the neighborhood of going around stirring up problems with other children and wanting to fight other children" (R. 399-400).

In his decision the ALJ noted that R.P.'s 2005-2006 school records showed R.P. had one D and three F's and that the school guidance counselor's report labeled him as inattentive and hyperactive since stopping his medication (R. 20). He also noted that on March 22, 2005, he received a suspension for disruptive behavior and was charged with battery after fighting on the bus ramp (R. 15). However, he failed to mention R.P.'s ongoing cardiac work up, despite the Appeals Council's directions and Plaintiff's testimony that her son was at the time unable to complete the work up due to a leg injury. The ALJ also failed to address the ongoing neurological work up that was to be completed after the completion of the cardiac evaluation. Because the ALJ failed to abide by the Appeals Council's remand instructions, further administrative proceedings are necessary.

Surely the Commissioner needs to address these important topics to determine whether R.P. is truly disabled. Consequently, I remand the case to the Commissioner with specific instructions

that he obtain updated records regarding R.P.'s cardiac and neurological evaluations as well as updated school and medical records.  As Plaintiff notes, the ALJ did not adequately address the issue of Plaintiff withholding R.P.'s medication and whether Plaintiff's refusal to administer the ADHD medications is an excused noncompliance.  Therefore, the ALJ is directed to address this issue on remand.  In order to determine whether R.P. has an impairment or combination of impairments that meet or equal any medical listings or whether R.P. has limitations that functionally equal the limitations of disabling conditions (i.e. does the impairment(s) result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain), the Commissioner should consider consulting a medical expert to review R.P.'s medical records and provide an impartial expert advisory opinion to the ALJ and/or obtaining examinations by appropriate medical consultant(s).[3]  *See* 20 C.F.R. §§404.1519a, 404.1527(f)(2)(iii).

D.  *Conclusion*

For the reasons stated above, it is ORDERED:

1.  The Clerk enter judgment for the Plaintiff with instruction that the case be remanded back

---

[3] Plaintiff contends the ALJ erred by finding R.P. did not have an impairment or combination of impairments resulting in marked and/or extreme functional limitations.  Specifically, while the ALJ found R.P. had marked limitations with attending and completing tasks, he did not determine that R.P. had marked limitations in interacting and relating to others.  If R.P. had marked limitations in two domains, he would be disabled.  In general, interacting means initiating and responding to exchanges with other people, for practical or social purposes, and relating to other people means forming intimate relationships with family members and with friends your age, and sustaining them over time. 20 C.F.R. §416.926a(i)(1)(i)-(ii).

for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED at Tampa, Florida on August 30, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE